BDB:JJT:nl

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO. 1:17-CR-00195-03 |
| | ) | |
| v. | ) | |
| | ) | (CONNER, C.J.) |
| DONNA M. VENTURINI, | ) | |
| | ) | |
| Defendant. | ) | (ELECTRONICALLY FILED) |

### P L E A   A G R E E M E N T

The following Plea Agreement is entered into by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant.  Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

A.  <u>Violation(s), Penalties, and Dismissal of Other Counts</u>

1.  <u>Waiver of Indictment/Plea of Guilty</u>.  The defendant agrees

to waive indictment by a grand jury and plead guilty to a felony

Information which will be filed against the defendant by the United

States Attorney for the Middle District of Pennsylvania.  That

Information will charge the defendant with a violation of Title 18,

United States Code, Section 371, conspiracy to defraud the United

States.  The maximum penalty for that offense is imprisonment for a period of five (5) years, a fine of $250,000, a maximum term of supervised release of three (3) years, to be determined by the Court, which shall be served at the conclusion of and in addition to any term of imprisonment, denial of certain federal benefits, and an assessment in the amount of $100.00.  At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the Information.  The defendant agrees that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event that the charge to which the defendant has pleaded guilty pursuant to this Agreement is subsequently vacated, set aside, or invalidated by the district court or an appellate court.  The defendant further agrees to waive any defenses to reinstatement of this charge or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground.  The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2.    <u>No Further Prosecution</u>. The United States Attorney for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against defendant arising out of the defendant's involvement in the offense described above.

**B.    <u>Fines and Assessments</u>**

3.    <u>Fine</u>.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

4.    <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court

elects to proceed in this fashion, could be twice the amount of the gross

gain or twice the amount of the gross loss resulting from the offense.

5.    <u>Inmate Financial Responsibility Program</u>.  If the Court

orders a fine or restitution as part of the defendant's sentence, and the

sentence includes a term of imprisonment, the defendant agrees to

voluntarily enter the United States Bureau of Prisons-administered

program known as the Inmate Financial Responsibility Program

through which the Bureau of Prisons will collect up to 50% of the

defendant's prison salary and apply those amounts on the defendant's

behalf to the payment of the outstanding fine and restitution orders.

6.    <u>Special Assessment</u>.  The defendant understands that the

Court will impose a special assessment of $100.00 pursuant to the

provisions of Title 18, United States Code, Section 3013.  Not later than

the date of sentencing, the defendant or defendant's counsel shall mail a

check in payment of the special assessment directly to the Clerk, United

States District Court, Middle District of Pennsylvania.  If the defendant

intentionally fails to make this payment this failure may be treated as a

breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

7. <u>Collection of Financial Obligations</u>. In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant consents and agrees to the following:

(a) to fully disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly; including those held by a spouse, nominee, or other third party.

(b) to submit to interviews by the Government regarding the defendant's financial status;

(c) to submit a complete, accurate and truthful financial statement on the form provided by the Government to the United States Attorney's Office not later than 14 days following entry of the guilty plea;

(d) whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented

party by the Government regarding defendant's financial status;

(e)     to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court;

(f)     to submit any financial information requested by the Probation Office as directed and to the sharing of financial information between the Government and the Probation Office.

## C.     <u>Sentencing Guidelines Calculation</u>

8.     <u>Determination of Sentencing Guidelines</u>.  The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty.  The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any

specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

9. <u>Acceptance of Responsibility–Three Levels</u>.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility.  The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1.  The failure of the Court to find that the defendant is entitled to a three-level reduction shall not be a basis to void this Plea Agreement.

**D.** <u>**Sentencing Recommendation**</u>

10. <u>Specific Sentencing Guidelines Recommendations.</u> With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows:

- Defendant's offense resulted in a tax loss of not more than $1,800,000.00. Defendant retains the right to argue that the loss amount is less than $1,800,000.00.

Defendant understands that this recommendation is not binding upon the Court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct. The defendant also understands that the United States will provide the Court and the United States Probation Office all information in its possession which it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

11. <u>Sentencing Guidelines Minimum Recommendation</u>. If the defendant makes full restitution by the time of sentencing, the United States will recommend that the Court impose the minimum sentence within the applicable Guidelines range; otherwise the government reserves the right to recommend a sentence up to the maximum within the applicable guideline range.

12. <u>Special Conditions of Probation/Supervised Release</u>. If probation or a term of supervised release is ordered, the United States

may recommend that the Court impose one or more special conditions, including but not limited to the following:

(a)     The defendant be prohibited from possessing a firearm or other dangerous weapon.

(b)     The defendant make restitution, if applicable, payment of which shall be in accordance with a schedule to be determined by the Court.

(c)     The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

(d)     The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

(e)     The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

(f)     The defendant be confined in a community treatment center, halfway house, or similar facility.

(g)     The defendant be placed under home confinement.

(h)     The defendant be ordered to perform community service.

(i)     The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

(j)     The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

(k)     The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

(l)     The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

(m)     The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

### E. Victims' Rights and Restitution

13. <u>Restitution</u>.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct.  The defendant also agrees that the Government will seek and the Court may impose an order of restitution as to victims of the defendant's relevant conduct.  With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the Court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments.  The defendant understands and agrees that the Government has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed

to the victim(s) in a timely fashion. Although the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil and/or criminal forfeiture in the amount of the victim restitution owed in this case, and the Court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the Court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legal and factual necessary for entry of a forfeiture order in this case. The parties agree that any restitution payments obtained by the United States or the victim will be applied by the United States to reduce both the restitution obligation in this case and the amount of the

outstanding forfeiture order entered by the Court. The parties further agree that the Government will recommend that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the defendant's restitution obligation in this case. The defendant acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligations. The defendant understands that the amount of restitution calculated for purposes of Chapter 5 of the Sentencing Guidelines might be different than the amount of loss calculated for purposes of Chapter 2 of the Sentencing Guidelines.

14. <u>Amount of Restitution</u>. The defendant agrees to make full restitution in the amount determined by the Court, in accordance with a schedule to be determined by the Court.

**F.** <u>Information Provided to Court and Probation Office</u>

15. <u>Background Information for Probation Office</u>. The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's

background, character, cooperation, if any, and involvement in this or other offenses.

16.     Objections to Pre-Sentence Report.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the Probation Officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained in or omitted from the report.  The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules

of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

17.  <u>Relevant Sentencing Information</u>.  At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

18.  <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the

government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## G.    Court Not Bound by Plea Agreement

19.    <u>Court Not Bound by Terms</u>.  The defendant understands that the Court is not a party to and is not bound by this Agreement or any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for five (5) years, a fine of $250,000, a maximum term of supervised release of up to three (3) years, which shall be served at the conclusion of and in addition to any term of imprisonment, denial of certain federal benefits and assessments totaling $100.00.

20.    <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.  If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to

withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the Court decline to follow any recommendations by any of the parties to this Agreement.

## H. Breach of Plea Agreement by Defendant

21. Breach of Agreement. In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations. Whether or not the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement.

22.   Remedies for Breach.  The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

(a)   The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

(b)   The United States will be free to make any recommendations to the Court regarding sentencing in this case;

(c)   Any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings;

(d)   The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

23.     <u>Violation of Law While Plea or Sentence Pending</u>.  The

defendant understands that it is a condition of this Plea Agreement

that the defendant refrain from any further violations of state, local or

federal law while awaiting plea and sentencing under this Agreement.

The defendant acknowledges and agrees that if the government receives

information that the defendant has committed new crimes while

awaiting plea and/or sentencing in this case, the government may

petition the Court and, if the Court finds by a preponderance of the

evidence that the defendant has committed any other criminal offense

while awaiting plea or sentencing, the Government shall be free at its

sole election to either:  (a) withdraw from this Agreement; or (b) make

any sentencing recommendations to the Court that it deems

appropriate.  The defendant further understands and agrees that, if the

Court finds that the defendant has committed any other offense while

awaiting plea or sentencing, the defendant will not be permitted to

withdraw any guilty pleas tendered pursuant to this Plea Agreement,

and the government will be permitted to bring any additional charges

which it may have against the defendant.

## I. Transfer of Information to IRS

24.  **Transfer of Case to IRS**.  The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

25.  **Collection Action by IRS**.  Nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this Agreement.

26.  **Rule 6(e) Order for Transfer of Information to IRS**.  The defendant agrees to interpose no objections to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney or the Criminal Investigation Division of the Internal Revenue Service.

**J.**  **Licensing, Resignation, and Disbarment**

27.  Status of Importation Permit.  It is further understood and agreed that the status of any importation permit held by the defendant is not protected by this Agreement and is a matter solely within the discretion of the appropriate authority.  The United States may in its discretion provide to any such authority any documents and information in its possession.

**K.**  **Deportation**

28.  Deportation/Removal from the United States.  The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a possible consequence of this plea.  The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea.  Defendant still desires to enter into this plea after having been so advised.

**L.**  **Appeal Waiver**

29.  Appeal Waiver–Direct.  The defendant is aware that Title 28, United States Code, Section 1291, affords a defendant the right to

appeal a judgment of conviction and sentence; and that Title 18, United States Code, Section 3742(a), affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence, provided the sentence the Court imposes is within or below the applicable guidelines range. This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005). The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

## M.  Other Provisions

30.  No Civil Claims or Suits. Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

31.  No Civil Claims or Suits. The defendant agrees not to pursue or initiate any civil claims or suits against the United States of

America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this Agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

32. <u>Plea Agreement Serves Ends of Justice</u>. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

33. <u>Merger of All Prior Negotiations</u>. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This

agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

34. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., **June 22, 2017**, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

35. <u>Required Signatures</u>. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

6/21/2017
Date

DONNA VENTURINI,
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

6/22/17
Date

MARTIN R. RASKIN, ESQUIRE
Counsel for Defendant

BRUCE D. BRANDLER
UNITED STATES ATTORNEY

8/10/17
Date

By:
JOSEPH J. TERZ
ASSISTANT U.S. ATTORNEY

JJT:nl/USAO No. 2013R00002/June 20, 2017
VERSION DATE: November 28, 2014